IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02623-BNB

EDWARD D. SWANK,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
KEVIN MILYARD,
BEVERLY DOWIS,
DR. BARRY GOLDSMITH,
P.A. BRIAN WEBSTER, and
JOSEPH FORTUNATO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 29 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Edward D. Swank, is in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Swank initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On January 15, 2010, the Court ordered Mr. Swank to file an amended complaint that named proper parties and that provided specific factual allegations to demonstrate how each named Defendant allegedly violated his rights. After receiving an extension of time, Mr. Swank filed an amended complaint on March 25, 2010.

The Court must construe the amended complaint liberally because Mr. Swank is not represented by an attorney. **See *Haines v. Kerner*,** 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon*,** 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Swank will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint filed by Mr. Swank and finds that the amended complaint also is deficient. Although it appears that Mr. Swank has made an attempt to allege personal participation by each named Defendant, the amended complaint is deficient because claims two, three, and five are not asserted against any named defendant. Mr. Swank also fails to include any allegations demonstrating that Defendants Kevin Milyard and P.A. Brian Webster personally participated in the asserted claims. Mr. Swank is reminded that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Swank must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Moreover, a defendant, such as Warden Kevin Milyard, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Further, the Court finds that Mr. Swank is again suing improper parties. Mr. Swank may not sue the Colorado Department of Corrections, because the State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation

of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, see *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, see *Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Because Mr. Swank appears to have made a good-faith effort to comply with the court's prior order to amend, he will be given one final opportunity to file a proper pleading in this action. Mr. Swank is advised that the second amended complaint he will be ordered to file must include every claim for relief that he intends to raise in this action as well as specific allegations in support of the asserted claims that detail how the named Defendants allegedly violated his constitutional rights. Mr. Swank is reminded that, in order to state a claim in federal court, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Swank file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Swank, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Swank fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 29, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02623-BNB

Edward D. Swank
Prisoner No. 142832
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/29/10

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk