IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02623-ZLW

EDWARD D. SWANK,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
KEVIN MILYARD,
BEVERLY DOWIS,
DR. BARRY GOLDSMITH,
P.A. BRIAN WEBSTER, and
JOSEPH FORTUNATO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 8 2010

GREGORY C. LANGHAM
               CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Edward D. Swank, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed a *pro se* motion titled, "Motion for Case Review by Discretionary Panel," on May 26, 2010. The Court must construe the motion liberally because Mr. Swank is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The "Motion for Case Review by Discretionary Panel," therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Swank filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the Motion to Reconsider and the entire file, the Court concludes that Mr. Swank fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Swank initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge Boyd N. Boland granted Mr. Swank leave to proceed pursuant to § 1915 without payment of an initial partial filing fee by order dated January 14, 2010. On January 15, 2010, Magistrate Judge Boland ordered Mr. Swank to file an amended complaint that included proper parties and alleged the personal participation of each named defendant. After receiving an extension of time, Mr. Swank filed an amended complaint on March 25, 2010.

On March 29, 2010, Magistrate Judge Boland determined that Mr. Swank's amended complaint was deficient because it again failed to allege the personal participation of all named defendants. Magistrate Judge Boland noted that three of Mr. Swank's claims were not asserted against any defendant and that Mr. Swank had failed to include any allegations demonstrating how two of the defendants personally

participated in the asserted claims. Therefore, Mr. Swank was ordered to file a second amended complaint on the court-approved form that alleged the personal participation of all named defendants. Mr. Swank was warned that the action would be dismissed without further notice if he failed to file an amended pleading within thirty days.

On April 12, 2010, Mr. Swank filed a letter with the Court and a pleading titled "Addendum to Ammended [sic] Prisoner Complaint." In the letter, Mr. Swank noted that he had been directed to file a second amended complaint and requested that his "Addendum" be incorporated into his amended complaint. Mr. Swank also requested that the Court clarify its Order for a Second Amended Complaint. By minute order dated April 14, 2010, Magistrate Judge Boland cautioned Mr. Swank that he could not cure the deficiencies in his amended complaint by filing an "Addendum." Magistrate Judge Boland again directed Mr. Swank to file a second amended complaint that alleged the personal participation of the named defendants and clearly and concisely set forth his claims for relief. Magistrate Judge Boland also warned Mr. Swank that his failure to comply with the directives of the March 29 Order for a Second Amended Complaint would result in the dismissal of his action without further notice.

On May 3, 2010, Mr. Swank filed a "Second Ammended [sic] Complaint." The second amended complaint, however, was not on the court-approved form and did not assert any claims for relief. Instead, Mr. Swank requested that the Court "add to the original complaint this ammendment [sic]." Accordingly, on May 5, 2010, the Court entered an order dismissing the action without prejudice. In the May 5 Order of Dismissal, the Court found that Mr. Swank had failed to file, as directed by Magistrate Judge Boland, a second amended complaint on the court-approved form that alleged

3

the personal participation of all named defendants, and that clearly and concisely set forth his claims for relief.

In Mr. Swank's Motion to Reconsider, he asserts that he did not consent to the jurisdiction of a magistrate judge pursuant to D.C.COLO.LCivR 72.2, and therefore it was improper for Magistrate Judge Boland to issue orders in his case. He further asserts that Magistrate Judge Boland erroneously ordered him to file an amended complaint and a second amended complaint. With respect to Mr. Swank's claim that his action was improperly before Magistrate Judge Boland because he must give consent for a magistrate judge to preside over his case, and he has not given such consent, the claim is without merit. Under D.C.COLO.LCivR 72.1, this Court has designated to a magistrate judge the authority to "make determinations and enter appropriate orders pursuant to 28 U.S.C. § 1915 with respect to any suit, action, or proceedings in which a request is made to proceed *in forma pauperis*." Therefore, Magistrate Judge Boland had proper authority to preside over the initial review of Mr. Swank's Complaint.

In addition, the Court finds that it was appropriate for Magistrate Judge Boland to order Mr. Swank to file an amended complaint and a second amended complaint. Mr. Swank's complaint and amended complaint were not legally sufficient because they did not allege the personal participation of all named defendants, as is required to sustain a suit brought pursuant to 42 U.S.C. § 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

Accordingly, Mr. Swank has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion for Reconsideration will be denied. *See Servants of the Paraclete*, 204 F.3d at 1012.

Mr. Swank is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the "Motion for Case Review by Discretionary Panel," filed on May 26, 2010, is denied.

DATED at Denver, Colorado, this  7th  day of  June , 2010.

BY THE COURT:

 s/Philip A. Brimmer  
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02623-ZLW

Edward D. Swank
Prisoner No. 143832
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/8/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk